**HUI RONG WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–3108–ag.

United States Court of Appeals, Second Circuit.

May 31, 2006.

Bing Li, Bayside, New York, for Petitioner.

Matthew H. Mead, United States Attorney, District of Wyoming; David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. AMALYA L. KEARSE, and Hon. DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Hui Rong Wang, through counsel, petitions for review of the May 2004 order affirming Immigration Judge ("IJ") Philip

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

L. Morace's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ decision where, as here, the BIA summarily affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

Because Wang fails to challenge the IJ's finding that she did not establish past persecution or eligibility for CAT relief, these issues are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). Additionally, Wang's argument that the IJ erred in applying the clear probability standard in his well-founded fear analysis, is unavailing. The record reflects that the IJ only applied the clear probability standard when referring to withholding of removal and relief under the CAT, and that he correctly applied the well-founded fear standard to her asylum claim.

Further, substantial evidence supports the IJ's determination that Wang failed to show a well-founded fear of persecution. The IJ accurately observed that Wang was able to remain in China for about five years after the family planning officials looked for her at her mother's home, without any serious threat of sterilization. Although Wang indicated that she was able to live in China free of problems with the family planning officials because she resided in the "mountain area," she testified that she had not lived there since 1991. In addition, the IJ pointed out that, from 1991

until she left China in January 1997, Wang had lived "somewhat ... openly" in the cities of Fuzhou and Fu-ching, where she worked to support her children. Wang did not testify to any attempts by the family planning officials to reach her during this time period. She did, however, indicate in both her testimony and written application that the officials knew it was her husband who wanted to have more children in violation of the family planning policy, not her. Based on the record, the IJ reasonably found this lack of contact from the officials to be evidence of a lack of interest in pursuing Wang.

On the other hand, the IJ's decision contained a number of errors. For example, the IJ's finding that Wang's notarial birth certificates were deficient because they were not authenticated, is flawed because the IJ did not clarify what should have been done to authenticate the documents. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir.2005). The IJ also erred in finding that Wang did not meet her burden because of a lack of documentation; the IJ failed to identify the particular pieces of missing, relevant documentation and show that this documentation was reasonably available to Wang. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153–54 (2d Cir.2003). The IJ again erred in faulting Wang for wanting to come to the United States to confront her ex-husband, because the IJ acknowledged that Wang indicated she also came to the United States due to her fear of sterilization, and because a fear of persecution need not be the only motivation for an applicant to leave her country. *See Pavlova v. INS*, 441 F.3d 82, 88 (2d Cir.2006).

Notwithstanding the errors in the IJ's decision identified above, this case need not be remanded because substantial evidence supports the IJ's determination that Wang failed to establish a well-founded fear of persecution. Because the only evi-

dence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003); *Paul v. Gonzales*, 444 F.3d 148 (2d Cir.2006). It can therefore be stated with confidence that the same decision would be made on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).